UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA TYRONE LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>JOE ALLIO, et al.,<br><br>Defendants. | No. 2:18-cv-00196 CKD P<br><br>ORDER & FINDINGS & RECOMMENDATIONS |

Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.     Screening Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

1

1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

Plaintiff alleges that Fairfield Police Detective Christopher Grimm committed libel, slander and defamation of character by ensuring that he is "looked at as a no good career criminal on robberies not convicted of" and for making sure that his books do not sell. ECF No. 1. In his second claim for relief, plaintiff asserts an Eighth Amendment violation based on the dismissal of Civil Case No. FCS047712 in the Solano County Superior Court when plaintiff failed to pay the filing fee or request a waiver thereof. Id. By way of relief, plaintiff seeks monetary damages and the reinstatement of his state court civil action. Id.

**III.    Analysis**

Plaintiff's claims alleging violations of libel, slander and defamation do not state constitutional claims. Paul v. Davis, 424 U.S. 693, 699-701 (1976) (defamation not actionable

2

under section 1983); Hernandez v. Johnson, 833 F.2d 1316, 1319 (9th Cir. 1987) (libel and slander claims precluded by Paul).

To the extent that plaintiff seeks to have Civil Case No. FCS047712 reinstated, he is advised that this court does not have jurisdiction over this state court action that was filed in the Solano County Superior Court.

Accordingly, the court finds the allegations in plaintiff's complaint fail to state a claim for relief and should therefore be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii). Here, it "appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). Although the court would generally grant plaintiff leave to amend in light of his pro se status, amendment is futile in this case because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a district judge to this action.

IT IS FURTHER RECOMMENDED that:

1. The instant action be dismissed, without leave to amend, for failing to state a claim upon which relief can be granted; and,

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

1 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 6, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/lewi0196.dismissF&R.docx